## WILL OF VERVOREN: CLAIM OF ALLIE LEWIS.

*March 10—May 3, 1921.*

*Wills: Construction: Son-in-law not within class designated as "children."*

A clause in a will that any amount allowed to any of the children of testatrix on a claim for personal services to testatrix or to any of her children or adopted children should be deducted from the share of the claimant does not authorize the deduction of the amount allowed to a son-in-law for the support of an adopted child of testatrix from the share of a daughter who was claimant's wife, since the word "children" cannot be extended by construction to include the husband of a child.

APPEALS from an order of the county court of Brown county: CARLTON MERRILL, Judge. *Affirmed in part; reversed in part.*

Elizabeth Vervoren left surviving twelve children, all of full age. In addition to these she left surviving two grandchildren, daughters of a deceased daughter. She had legally adopted the grandchildren. Shortly after the grandchildren had been adopted and taken into the family of the testatrix, one of them, Rita, for some reason, chose to stay with *Annie Lewis,* a daughter of the testatrix and aunt of the child.

The testatrix left an estate appraised at $6,014.    To the adopted daughters, her grandchildren, she gave $1,000 each. The remainder of her estate she divided into twenty-two equal parts, the daughter, *Annie Lewis,* taking one eleventh. The seventh paragraph of the will is as follows:

"(7)  Should any of my children put in any claim against my estate for personal services to me or to any of my children or adopted children or for any care or support of me or of any of my children, or adopted children, whatever amount the court shall allow to any of my children upon such claims shall be deducted from the amount bequeathed to the one who shall recover said claim against my estate.   I have placed this provision in my will because no just claim can be made against my estate by any of my children and I am determined that no advantage shall be taken of my death to recover claims which I would not allow if living."

*Allie Lewis,* husband of *Annie Lewis,* son-in-law of the deceased, filed a claim against the estate of the testatrix for the care of the adopted daughter Rita for three years and two months at $10 per month.   The trial court allowed the claim, but provided that it should be paid out of the amount due to *Annie Lewis,* wife of the claimant, she being one of the children of the deceased, such direction being made pursuant to paragraph 7 of the will of the testatrix.   The legatee, *Annie Lewis,* appeals from so much of the order as directs that it should be paid out of the amount due her. The executor appeals from that part of the order allowing the claim.

For the appellant *Annie Lewis* and respondent *Allie Lewis* there was a brief by *Kittell, Jaseph & Young* of Green Bay, and oral argument by *L. D. Jaseph.*

*C. W. Lomas* of Green Bay, for the respondent and appellant *Vervoren,* executor.

ROSENBERRY, J.   Upon the appeal of the executor it is claimed that there was not sufficient evidence to overcome

the presumption that, the service having been rendered to a near relative, it was therefore presumed to be gratuitous. It appears from the opinion of the trial court that he considered the matter, giving full effect to the contention made here by the executor, and found that there was sufficient evidence to overcome the presumption. We see no reason for disturbing the court's finding in that respect.

Upon the authority of *Will of Boeck,* 160 Wis. 577, 152 N. W. 155, the county court was of the opinion that although the claimant was a son-in-law and not a child of the testatrix, nevertheless the provisions of paragraph 7 of the will should apply and offset the claim of *Allie Lewis* against the legacy of *Annie Lewis.* The trial court says:

"From the four corners of the will, read in the light of surrounding circumstances, the intent of this testatrix is clearly discernible.

"She first makes a liberal provision, considering the size of her estate, for the future education and care of her two adopted grandchildren, and divides the residue equally among her children, and in the most emphatic manner declares, in effect, that no action on the part of one branch of the family shall work to the detriment of the others. I have not the slightest doubt that this identical claim was in her mind when she made the seventh paragraph of her will and that it was her intent that should a claim be allowed for the care of Rita in the Lewis home, the same should be deducted from the bequest to *Mrs. Lewis.* That such a claim shall not work to the detriment of her other children seems clearly the intent. To allow this claim and fail to require its payment out of the share of *Mrs. Lewis* would be doing plain violence to the wish of the testatrix."

The construction placed upon the transaction by the trial court in effect amends the will of the testatrix. The language of the seventh paragraph does not include the husband or wife, as the case might be, of any of her children. In *Will of Boeck,* 160 Wis. 577, 152 N. W. 155, the testator owned eighty acres of land described as the

south half of the northwest quarter of section 13.　He
disposed of all of his property with the exception of the
southwest quarter of the northwest quarter, which was not
mentioned in the will, nor did the will contain a residuary
clause.　To his son Herman August Boeck he gave the
northeast quarter of the northwest quarter of section 13,
which he did not own.　In the light of the surrounding
circumstances it was the opinion of this court that the intent
of the testator to give his son Herman August the south-
west quarter of the northwest quarter, which he did own and
which was not otherwise disposed of by the will, was clearly
apparent, and the will was so construed.　The terms of the
will, in the light of the surrounding facts and circumstances,
were not applicable to the situation that confronted the
testator.　It was clearly apparent that he intended to give
forty acres of land to his son Herman, and the only land
which was available for that purpose was the southwest
quarter of the northwest quarter.　Here, however, no un-
certainty of meaning arises by applying the words of the will
to the subject with which it deals, nor is there any ambiguity
in the language itself.　It may well be suspected that the
testatrix intended to do what the trial court says she intended
to do, but that intention does not become apparent either
from the language of the will standing by itself or when
applied to the circumstances which surrounded the testa-
trix.　The trial court says that there is no doubt in his mind
that the testatrix had in her mind the claim under considera-
tion.　A daughter and a son lived with her in her home and
took care of her.　There is no reason disclosed by the
record why the terms of the will were not applicable to
such claims as might be put forward by the son or the
daughter who lived with her.　There existed a situation to
which the language was applicable.　We are of opinion that
the word "children" cannot be extended by construction to
include the husband of a child.　We are cited to no case so

holding, and the great weight of authority is against it. 11 Corp. Jur. 753, cases cited in notes 98 and 99.

*By the Court.*—That part of the order appealed from by the legatee, *Annie Lewis,* is reversed. That part of the order appealed from by the executor is affirmed. The case is remanded with directions to the county court to enter judgment in accordance with this opinion. Disbursements to be paid out of the estate. No other costs to be taxed.

ESCHWEILER, J., dissents.